THE ILLINOIS CENTRAL RAILROAD COMPANY, Plaintiff in Error,
  v. ROBERT F. WHITE, Defendant in Error.

### ERROR TO FAYETTE.

In an action by an innkeeper against a railroad company for obstructing a road
  leading to his inn, it is erroneous not to allow a witness to testify as to the num-
  ber of guests entertained at the inn, or as to the expedition and care with which
  the work which caused the obstruction was prosecuted.  In such a case, it was
  not proper to ask a witness if the work of the railroad company, across the
  street in question, was prosecuted as diligently as such work is usually done.
  This fact would not fix a standard; the duty of the company was, to prosecute
  the work as expeditiously and carefully as it could reasonably be done.

THIS was an action on the case, brought by defendant in
error against plaintiff in error, for obstructing the street lead-
ing from his hotel, in Vandalia, and thereby preventing the
passage of travelers to and from his hotel, and also preventing
boarders from coming to his hotel.  Declaration admits that
plaintiff in error was an incorporated company, and had a
right to obstruct the street in building their road, but avers
that said obstruction was continued unreasonably and willfully,
to the injury of defendant in error.

General issue and notice filed.

Defendant in error proved that he kept hotel in Vandalia;
that the street opposite his hotel was obstructed about June,
1853; that the street obstructed was the one leading to St.
Louis and Carlyle, running west; that his house could be
approached from the east or north; that said obstruction con-
tinued up to time of commencement of suit, and was not
constantly worked on; also proved that, after obstruction, he
lost from four to six travelers per day.  On cross-examination,
it was stated that travelers came to house of defendant from
different roads.  Witness was asked, "Did not White's house
contain as many persons as he could accommodate, after the
obstruction complained of?" which the court refused to permit
to be answered, to which exception was taken by plaintiff
in error.

Defendant in error proved that most of the persons who
usually stopped at his house were stage passengers, and that
after obstruction they still continued to come to his house, but
not so many of them; that bridge could be built in three
weeks if the ditch had been ready.

Defendant in error proved that loss of one-fourth or one-half
of custom would be loss of about one-half the profits; that
travelers to other hotels did not increase; that most of the
travel came from the east and southeast; also, that one person
tried to get at White's house, but was prevented by obstruction.

For plaintiff in error, it was proved that bridge across said obstruction could not be built until excavation was completed; that it would take about one year to dig said excavation in the usual way; that it might have been crowded so as to make the excavation in about three months, but to do so would cost more. Court refused to allow witness to testify if said work was not proceeded with as expeditiously and diligently as such is usually done (to which plaintiff excepted); that a passage might have been left across said street, of the width of the same, but it would have cost 25 per cent. more.

There was a judgment in the circuit for defendant in error.

A. J. GALLAGHER and W. H. UNDERWOOD, for Plaintiff in Error.

H. P. H. BROMWELL and B. S. EDWARDS, for Defendant in Error.

CATON, J. This action was brought by White, an innkeeper in Vandalia, against the railroad company, for obstructing a road leading to his house, whereby guests and customers were diverted from his house, and his profits diminished. We do not now decide whether this form of action, or any action by an individual, can be maintained for a grievance of the character here complained of. Admitting that the action can be maintained, we are clearly of opinion that the court erred in sustaining an objection to the following question, put to the witness, Wedenow: "Did not White's house contain as many persons as he could accommodate, after the obstruction complained of?" This question was proper, with reference to the inquiry of damages. Admitting, as was assumed by the plaintiff below, that travelers were diverted from his house by reason of the obstruction, and that that kind of custom is more profitable than resident boarders, still, it is manifest that, if his house was kept full, even of a less profitable class of customers, he did not in fact sustain so much damage as he would have done had his house been left empty, or partially empty. The proposed evidence should have been admitted to the jury, in connection with the other evidence, on the question of damages, that the whole might have been considered together, and such consideration given to it as the jury thought it entitled to.

The record also shows that the court refused to allow the following question to be put to the witness, Wolcott: "Was not the work across this street proceeded with as expeditiously and as carefully, up to the time of the commencement of this suit, as the railroad company could do it?" This question

should have been allowed to be answered, and we are inclined to think that this question was inadvertently overruled, or that there is some mistake in the record, for the bill of exceptions shows that, in several instructions, the court told the jury that the defendant was not liable, if the work was prosecuted as expeditiously and as carefully as it could, under all the circumstances, be reasonably done. Under such a rule of law, the question was a proper one.

The court properly rejected the following question, put to the same witness: "Was the work across said street proceeded with as diligently as such work is usually done?" That was not a proper inquiry in this case. The diligence exercised in the prosecution of such work, by this or any other railroad company, could not establish the standard of duty in such a case. It was the duty of the company to do the work as expeditiously and carefully as it could reasonably be done, under the circumstances, subjecting the public to no unnecessary inconvenience, by the obstruction to the highway, during the necessary prosecution of the work, whether or not this was the usual habit of this or other companies.

The judgment must be reversed and the cause remanded.

*Judgment reversed.*